UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TIMOTHY COOK,

        Plaintiff,

vs.                               Case No. 3:08-cv-912-J-34MCR

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Petition for an Award of Attorney's Fees under 42 U.S.C. § 406(b) (Doc. 22) filed June 29, 2010. The Commissioner filed its response (Doc. 24) on July 7, 2010.[1] Accordingly, this matter is now ripe for review.

In this case, Judgment was entered on May 12, 2009 reversing the case and remanding for further proceedings at the administrative level. (Doc. 17). Plaintiff's counsel received an award of EAJA fees in the amount of $1,693.12 for his 10.5 hours of work on this case. (Doc. 19). On remand, the Commissioner issued a decision favorable to Plaintiff and awarded Plaintiff past-due social security disability insurance benefits in the amount of $72,363.00. (Doc. 22, p. 2). Plaintiff was also awarded benefits on behalf of Plaintiff's dependents in the amount of $36,746.00. (Id at pp. 2-3).

---

[1]On July 12, 2010, Plaintiff filed a Motion for Leave to File Reply to the Commissioner's Response to Plaintiff's Petition (Doc. 25). As addressed below, Plaintiff's Motion is due to be denied.

-1-

Plaintiff's counsel now requests an award of $13,000.00 in 406(b) attorney's fees. (Id. at p. 7).

In response to Plaintiff's Petition, the Commissioner notes that the Eleventh Circuit held that Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure applies to attorney fee petitions under 42 U.S.C. § 406(b).  See Bergen v. Commissioner of Social Security, 454 F.3d 1273, 1277 (11th Cir. 2006).  Rule 54(d)(2)(B) requires a motion for attorney's fees to be filed "no later than 14 days after entry of judgment," unless some other period is otherwise provided by statute or order of the court.[2]  In Bergen, the Court noted that in order to determine whether a petition is timely, it must determine what the term "entry of judgment" means or rather, when the 14 day period for filing the petitions begins to run for a § 406(b) petition.  The Bergen Court, however, declined to decide this issue because the Commissioner did not object to the timeliness of the attorney's fee petition.[3]

Here, the Commissioner notes the potential untimeliness of Plaintiff's Petition and asks the Court to "review Plaintiff's petition to determine whether it is timely under

---

[2] Local Rule 4.18(a) of the Middle District of Florida reiterates the requirement in Fed. R. Civ. P. 54(d)(2)(B) in that "all claims for costs or attorneys fees . . . shall be . . . filed not later than fourteen (14) days following the entry of judgment."

[3] In a prior opinion, the Eleventh Circuit declined to strictly apply the term "entry of judgment" in light of the particular circumstances applicable to post judgment proceedings in Social Security cases; rather, it found the 14 day time limitation should begin to run from the day the award notice was issued. Bergen v. Commissioner of Social Security, 44 F.3d 1281, 1286 (11th Cir. 2006). This holding was, however, vacated and superseded by the Eleventh Circuit's subsequent decision in Bergen v. Commissioner of Social Security, 454 F.3d 1273 (11th Cir. 2006), in which it declined to decide when the 14 day period begins to run because the Commissioner had not filed a response objecting to the motions for fees. Nevertheless, the Eleventh Circuit clearly held the 14 day period set forth in Fed. R. Civ. P. 54(d)(2)(B) is applicable to § 406(b) petitions. Id. at 1277.

controlling law." (Doc. 24, p. 3). In light of the fact there is no general order or local rule which institutes procedures for seeking 406(b) fees, the Court will utilize the most liberal reading of Rule 54(d)(2)(B), i.e., construing the 14 day limitation period to begin on the date the notice of award is served.[4] Plaintiff Timothy Cook's Notice of Award was served on June 18, 2010 and the instant Motion was filed on June 29, 2010; therefore, Plaintiff's counsel's request for § 406(b) fees is timely with regard to Mr. Cook. See (Doc. 22-2). However, Plaintiff's dependent's Notices of Award were served on March 8, 2010 (Docs. 23-1, 2); therefore, the request for§ 406(b) fees is untimely with regard to Mr. Cook's dependents.[5] The Court will now consider the appropriate fee based on Mr. Cook's award of $72,363.00. See (Doc. 22, p. 2).

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his client upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). In capping the fee at 25%, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees." Gisbrecht v. Barnhart, 535 U.S. 789, 806, 122 S.Ct. 1817 (2002) (citations omitted).

---

[4]Because the Court is instituting the most liberal reading of Rule 54(d)(2)(B), it would cause undue delay to allow Plaintiff to file a Reply to the Commissioner's Response to Plaintiff's Petition.

[5]The Court has reviewed the record and an extention of time was not requested. See (Doc. 22). Notwithstanding the Court's recognition of counsel's diligence and the hours he expended in the successful representation of his clients, regrettably, the Court must find the request for § 406(b) fees for Plaintiff's dependent's claims has been untimely filed.

"Within the 25% boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. The Court's § 406(b) reasonableness analysis is not meant to supplant the contingency-fee arrangement, which the Supreme Court recognized as the most common fee arrangement in social security cases. Id. at 800. In fact, the Supreme Court counsels that the parties' fee agreement is the first place the Court should turn in assessing the reasonableness of a fee. Id. at 808. Other key considerations include the character of the representation and the results the representation achieved. Id. For example, "[i]f the attorney is responsible for delay" or "[i]f the benefits are large in comparison to the amount of time spent on the case" the Court may appropriately reduce the fee. Id.

The Court previously found Plaintiff's counsel reasonably expended 10.5 hours prosecuting this case. The Court has now reviewed the contingent fee contract and has considered the character of the representation and the results achieved and finds that the contingent fee contract is reasonable in this case.[6] Plaintiff's counsel is therefore entitled to an award of 25% of the past due benefits recovered for Mr. Cook ($18,090.75) less the $5,917.00 counsel was awarded pursuant to 42 U.S.C. § 406(a) for administrative work or $12,173.75. Plaintiff's counsel has already recovered $1,693.12 in EAJA fees in this case and to prevent "double-dipping" Plaintiff's counsel could refund the EAJA fee to Plaintiff upon receipt of the 406(b) award, or alternatively,

---

[6] The Court has also taken into account that the Commissioner has not objected to the instant fee request; rather, the Commissioner's sole objection is whether Plaintiff's Petition is timely. See (Doc. 24). Thus, this decision should not be viewed as precedent in a case where the rate is contested.

that sum could be deducted from Plaintiff's counsel's recovery of any escrowed sum. In his brief, Plaintiff's counsel suggested the former method and as the Commissioner does not object, the Court will permit it. (Doc. 22, p. 7).

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Petition for an Award of Attorney's Fees Under 42 U.S.C. 406(b) (Doc. 22) is **GRANTED in part**. The Court finds that a reasonable attorney fee for Plaintiff's counsel, Erik W. Berger, for representation of Plaintiff in this Court is **$12,173.75** and the Commissioner is ordered to pay said sum to Erik W. Berger. Upon receipt of this sum, counsel for Plaintiff is directed to refund to Plaintiff $1,693.12 representing the fee already paid to Plaintiff's counsel under his EAJA application. The Clerk shall enter Judgment accordingly.

2. Plaintiff's Motion for Leave to File Reply to the Commissioner's Response to Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. 406(b) (Doc. 25) is **DENIED.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this 20th day of July, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party